UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSIAH KONRAD PROVAN,

Plaintiff,

-against-

CITY OF NEW YORK; URBAN PATHWAYS, INC.; GODDARD RIVERSIDE COMMUNITY CENTER, INC.; LARRY HARRIS, individually; ISIDDRO RODRIGUEZ, individually; LASHEA GALLOP, individually; and BERNADETTE REED, M.D.,

Defendants.

26-CV-7587 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Josiah Konrad Provan, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, Titles II and III of the Americans with Disabilities Act, and the Rehabilitation Act. In the amended complaint, which is the operative pleading, Plaintiff alleges that Defendants discriminated against him on the basis of his disabilities, retaliated against him for exercising his rights under the federal disability statutes, and otherwise violated his rights. (ECF No. 8.) The Court liberally construes the complaint as asserting additional claims under New York law, including the New York State and New York City Human Rights Laws. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that court was required to construe the complaint as asserting claims under "well-known" provisions of state antidiscrimination laws where the *pro se* plaintiff's factual allegations supported such claims).

Plaintiff sues: (1) the City of New York; (2) Urban Pathways, Inc., which operates transitional housing under contract with the City of New York, and three of its employees, namely, Larry Harris, Bernadette Reed, and Mardoche Sidor, M.D.; and (3) Goddard Riverside Community Center Inc., another transitional housing provider under contract with the City of

New York, and two of its employees, namely, Isidro Rodriguez and LaShea Gallop. He seeks monetary relief.

By order dated September 15, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As explained below, the Court directs service on Defendants.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants, including but not limited to the amended complaint (ECF No. 8).

If the amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service, including but not limited to the amended complaint (ECF No. 8).

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is respectfully directed to mail a copy of this order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: November 25, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. City of New York
New York City Law Department
100 Church Street
New York, NY 10007

2. Urban Pathways, Inc.
575 Eighth Avenue
New York, NY 10018

3. Goddard Riverside Community Center Inc.
593 Columbus Avenue
New York, NY 10024

4. Larry Harris
Urban Pathways, Inc.
54 West 105th Street
New York, NY 10025

5. Isidro Rodriguez|
Goddard Riverside Community Center Inc.
593 Columbus Avenue
New York, NY 10024

6. Lashea Gallop
Goddard Riverside Community Center Inc.
593 Columbus Avenue
New York, NY 10024

7. Bernadette Reed
Urban Pathways, Inc.
274 West 40th Street
New York, NY 10018

8. Mardoche Sidor, M.D.
Urban Pathways, Inc.
575 Eighth Avenue
New York, NY 10018